```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                    :
PROJECT MANAGEMENT
ENTERPRISES, INC.                   :

     v.                             : Civil Action No. DKC 2005-3325

                                    :
LFV GROUP
                                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Defendant, LFV Group (LFV), to dismiss for failure to join a necessary party. (Paper 8). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, the motion will be granted in part. Plaintiff, Project Management Enterprises, Inc. (PMEI), will be directed to join the necessary party, ADSI, Inc. (ADSI), as a party to this action within 30 days.

**I. Background**

This suit arises out of an earlier action, *Swedish Civil Aviation Administration v. Project Management Enterprises, Inc.*, No. DKC 2001-1507 (D.Md. Dec. 8, 2004), *modified by* No. DKC 2001-1507 (D.Md. Sept. 19, 2005), in which this court found that the parties had entered into a settlement agreement, (the "Material Terms"). PMEI contends that LFV, successor to Swedish Civil Aviation Administration, has failed to pay $200,000 due to PMEI under that contract. LFV moves to dismiss, contending that ADSI,

the other party to the earlier litigation and to the settlement agreement, is a necessary party.

## II. Standard of Review

Rule 12(b)(7) authorizes a motion to dismiss for failure to join a party to the original action under Rule 19, "when there is an absent person without whom complete relief cannot be granted or whose interest in the dispute is such that to proceed in his absence might prejudice him or the parties already before the court." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1359 (3d ed. 2004). When a motion to dismiss is filed pursuant to Fed.R.Civ.P. 12(b)(7):

> Rule 19 of the Federal Rules of Civil Procedure sets forth a two-step inquiry, examining: (1) whether the party is "necessary" to the action under Rule 19(a); and (2) whether the party is "indispensable" under Rule 19 (b). *National Union Fire Ins. Co. v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 249 (4th Cir. 2000). The burden of proof rests on the party raising the defense . . . to "show that the person who was not joined is needed for a just adjudication." 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1609 (3d ed. 2001).

*Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). Thus, the court first must determine whether the absent party is necessary for a just adjudication of the action as set forth in Rule 19(a). *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999); 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice & Procedure* § 1611 (3d ed. 2001).

Fed.R.Civ.P. 19(a) provides:

> (a) *Persons to Be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

If the court finds that the absentee is a necessary party, it then must order the absentee to be joined in the action, provided that joinder will not deprive the court of subject matter jurisdiction by destroying diversity of citizenship. *Owens-Illinois*, 186 F.3d at 440; 7 *Federal Practice & Procedure* § 1611. If joinder is not feasible, however, "the court must determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Owens-Illinois*, 186 F.3d at 440; *see also Jordan v. Wash. Mut. Bank*, 211 F.Supp.2d 670, 675 (D.Md. 2002) ("dismissal is

appropriate only when necessary parties should be joined and their joinder would deprive the Court of jurisdiction"). Fed.R.Civ.P. 19(b) provides:

> (b) *Determination by Court Whenever Joinder Not Feasible.* If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

**II. Analysis**

LFV contends that because ADSI was a party to the Material Terms, complete relief cannot be accorded among the parties in its absence and that disposition in ADSI's absence could impede ADSI's ability to protect its interests or subject LFV to multiple inconsistent obligations. PMEI disputes LFV's assertions, and contends that the only issue raised by its complaint is whether LFV breached the settlement agreement, that ADSI's interest is minimal, and that ADSI's interest is adequately protected by PMEI.

The Fourth Circuit has recognized that "'precedent supports the proposition that a contracting party is the paradigm of an

4

indispensable party.'"  *Nat'l Union Fire Ins.*, 210 F.3d at 252 (quoting *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F.Supp. 518, 527 (D.Conn. 1991)).  It further cautioned that:  "A court should hesitate to conclude, however, that a litigant can serve as a proxy for an absent party unless the interests of the two are identical."  *Nat'l Union Fire Ins.*, 210 F.3d at 251.  The Fourth Circuit listed the long line of cases finding that a contracting party was necessary:

> Accordingly, we conclude that the district court did not err in concluding that permitting this suit to proceed without Rite Aid will "impair or impede" Rite Aid's ability as a contracting party to protect a claimed interest relating to the subject of the action. See *Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 78-79 (1st Cir. 1982) (holding that parent corporation that played a substantial role in negotiating, and was party to, agreement was a necessary party to suit brought by subsidiary alleging breach of that agreement); *F & M Distribs., Inc. v. American Hardware Supply Co.*, 129 F.R.D. 494, 497-98 (W.D.Pa. 1990) (holding that corporation that was party to contract was necessary party to suit seeking damages against third party for corporation's alleged breach of that contract); cf. [*Teamsters Local Union No. 171 v.*] *Keal* [*Driveway Co.*], 173 F.3d at 918 (holding that union was necessary party to suit that sought to vacate joint grievance panel's interpretation of collective bargaining agreement to which union was a party).

*Id.* The district court opinion in *Travelers Indemnity Co.* that the Fourth Circuit cites in *National Union Fire Insurance* also lists

abundant authority for the proposition that a contracting party is necessary:

> The court's research has failed to find any case on similar facts that has held that a party to a contract is not an indispensable party. In fact, the precedent supports the proposition that a contracting party is the paradigm of an indispensable party. *See Cloverleaf Standardbred Owners Ass'n, Inc. v. National Bank of Washington*, 699 F.2d 1274, 1279-80 (D.C.Cir. 1983) (district court did not abuse its discretion in dismissing breach of contract action brought against bank in which third party with whom the contract was made had deposited funds, as the obligation of the third party was centrally at issue in the action and the third party was indispensable but joinder would destroy diversity jurisdiction); *Ward v. Deavers*, 203 F.2d 72, 75 (D.C.Cir. 1953) (final judgment reversed because party to contract deemed indispensable was not joined); *Japan Petrolium* [sic] *Co. (Nigeria) Ltd. v. Ashland Oil Inc.*, 456 F.Supp. 831, 836 n. 7 (D.Del. 1978) (if the "rights sued upon arise from a contract, all parties to the contract must be joined"); *Jacobsen v. Luckenbach Steamship Co.*, 201 F.Supp. 883, 889 (D.Or. 1961) ("all parties [to a contract] are deemed indispensable and should be joined").

*Travelers Indem. Co.*, 775 F.Supp. at 527.

ADSI was fully involved in the earlier litigation and undertook obligations as part of the settlement agreement. Although the payment term appears to require LFV to pay PMEI, that payment obligation does not arise in a vacuum. Instead, it is triggered by the parties' execution of a settlement agreement binding all parties. As a result, ADSI is a necessary party, and if it can be joined as a party, it should be. Fed.R.Civ.P. 19(a).

LFV has moved to dismiss under Fed.R.Civ.P. 12(b)(7). Dismissal will be granted only if (1) joinder cannot be accomplished and (2) ADSI is not only a necessary party under Fed.R.Civ.P. 19(a) but also an indispensable party under Fed.R.Civ.P. 19(b).  In general, courts are "loath" to dismiss cases under Fed.R.Civ.P. 12(b)(7), "so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result."  *Owens-Illinois*, 186 F.3d at 441.  *See also Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1285-86 (4th Cir. 1994) ("Only necessary persons can be indispensable, but not all necessary persons are indispensable"). Neither party asserts that joinder of ADSI is impossible or would destroy this court's subject matter jurisdiction or render venue improper.  Instead of dismissing the case, the court will direct PMEI to join ADSI as a party.  The court need not consider whether ADSI is indispensable unless joinder cannot be accomplished.

## IV.  Conclusion

A separate order will be entered, requiring PMEI to join ADSI as a party to this action.

                                       _____/s/_____
                                       DEBORAH K. CHASANOW
                                       United States District Judge